MICHAEL G. WILLIAMSON, Chief United States Bankruptcy Judge
The sale of ad valorem real property tax certificates by Florida Tax Collectors under § 197.432, Florida Statutes, may be beneficial to several stakeholders, including debtors in bankruptcy and their creditors. But if title to the property subject to the ad valorem tax is held by a debtor in bankruptcy, Florida Tax Collectors are reluctant to sell tax certificates due to fear of causing a technical violation of the automatic bankruptcy stay. Yet a Florida Tax Collector's obtaining an order that the sale of a tax certificate in each bankruptcy case in which a tax certificate is statutorily ripe for sale is not subject to the stay would be time consuming and cumbersome, not only for the Tax Collector's staff and attorneys but also for the Court.
In order to foster the salutary effects of tax certificate sales, this administrative order provides blanket confirmation that the automatic stay under 11 U.S.C. § 362(a) does not prohibit Florida Tax Collectors from selling tax certificates relating to property of a debtor in bankruptcy or a bankruptcy estate.
Discussion
The sale and distribution of proceeds of tax certificates reflecting unpaid ad valorem property tax assessments is an important function of Florida Tax Collectors.[1] The benefit of collection of ad valorem taxes by Florida Tax Collectors for disbursement to state, regional, and local governmental agencies and taxing authorities is obvious. A less obvious benefit is the potential for reduction in the tax burden on property based on the statutory dynamics of a tax certificate sale: a "reverse" auction that more often than not results in large reduction of the 18 percent statutory interest accrual that is chargeable in the absence of such a sale.[2] Indeed, by way of example, in Hillsborough County, one of the many counties served by this Court, the average rate of interest on tax certificates sold in 2016 (for 2015 property taxes) was 1.42 percent per annum, with 15,085 certificates out of the 17,065 sold accruing interest thereafter at just 0.25 percent per annum[3]
If a property owner is a debtor in bankruptcy, however, Florida Tax Collectors may be hesitant to conduct a tax certificate sale out of an abundance of caution in deference to the automatic stay of 11 U.S.C. § 362(a). When that caution is exercised, the benefits of the sale are not realized by the governmental beneficiaries of the Tax Collectors' collection efforts, nor by the debtor or the debtor's estate.[4] And in Chapter 11, 12, or 13 bankruptcy cases, the debtor's other creditors may also suffer if the debtor is required to pay the higher statutory rate instead of a lower *796 rate, as a lower tax rate would facilitate the debtor's cash flow and possibly inure to the benefit of other creditors. Sales of claims, whether secured or unsecured, against debtors in bankruptcy cases occur routinely. Nothing in 11 U.S.C. § 362(a) suggests that such sales violate the automatic stay. The Federal Rules of Bankruptcy Procedure anticipate the transfers of claims and provide a means for noting the record accordingly.[5] There is no substantive difference between the publication of an auction and the sale of tax certificates by Florida Tax Collectors under § 197.432, Florida Statutes, and the sale of another kind of claim by someone else.
Accordingly, it is
ORDERED:
1. In the interest of fostering the benefits of tax certificate sales related to cases before this Court, the Court confirms that the automatic stay of 11 U.S.C. § 362(a) does not prevent the sale of tax certificates in the ordinary course of Florida Tax Collectors' business.[6]
2. However, this order does not permit the sale of tax deeds, as a sale of property of a bankruptcy estate or property of a debtor in bankruptcy is subject to § 362(a) until the stay terminates by operation of law or is modified by order of the bankruptcy court.
BY THE COURT
/s/ ______________________________
MICHAEL G. WILLIAMSON
Chief United States Bankruptcy Judge

Fla. Stat. §§ 197.332, 197.432 (2017).

Fla. Stat. § 197.432(6), Fla. Stat. (2017).

Report by Doug Belden, Hillsborough County Tax Collector, www.hillstax.org/services/services-real-estate-tax/tax-certificate-holderinvestor/taxcert-tax-certificates/tax-certificate-sale-summary-aspx.

Additionally, lienholders whose liens are junior to the ad valorem tax lien are denied the benefits of a reduction in the interest rate, namely (i) less rapid erosion of any equity available to support the junior lien and (ii) a lower tax bill to satisfy if and when the junior lienholder elects to foreclose a lien or compel the property to a sheriff's levy.

Fed. R. B. P. 3001(e).

If Florida Tax Collectors have a policy of notifying tax certificate holders of the commencement of a bankruptcy case, of course that policy may continue.